MILLER, Judge.
Plaintiff Mrs. Loida B. Benoit appeals from a jury verdict denying her claim for personal injuries allegedly caused by the negligence of defendant Erroll J. Camelle. We affirm.
The automobile accident occurred on April 2, 1971, at approximately 5:30 p. m. on the Gloria Switch Road in Lafayette Parish. Traffic was light, climatic conditions were good, and the road in this area is straight. The road is a two lane hard-surfaced road.
Camelle’s mailbox is on the north side of the road about 2% feet from the blacktop and his house is on the south side of the road. Camelle had been going east, but pulled to the left side to pick up his mail and newspaper. Both left wheels of his vehicle were about two feet off the blacktop and the remainder of his car was positioned squarely on the pavement blocking the north portion of Mrs. Benoit’s westbound lane of travel.
Both motorists testified that they first saw the other at a distance of approximately 1200 to 1500 feet. Mrs. Benoit was travelling between 35 and 45 mph, but raised her foot from the accelerator before reaching Camelle’s stopped vehicle. Ca-melle verifies her approximate speed, and both testified that no skidmarks were laid down. Camelle and Mrs. Benoit both testified that she remained in her proper lane until immediately prior to the accident. No other traffic was seen approaching the scene of the accident from either direction.
The pictures of Mrs. Benoit’s vehicle show no damage to the front or to the right front fender. Other than minor scratches, her vehicle was damaged at the two right doors. Comelle’s vehicle was damaged at the front right corner. Both vehicles were drivable after the accident.
The factual dispute lies in how the accident occurred. Camelle suggests that he was in a stationary position at the time of the accident, and that Mrs. Benoit failed to turn to avoid his vehicle until too late. Mrs. Benoit suggests that Camelle attempted to cross over to the south side of the road to enter his driveway while she was immediately alongside him.
In support of the proposition that he remained stationary, Camelle offers only his *852 testimony. Mrs. Benoit offers her testimony as well as other evidence to establish Camelle’s movement prior to the accident.
Mrs Benoit strongly urges that photographs in evidence constitute proof that the accident happened in accordance with her version. She emphasizes that lack of damage to the front of her vehicle and to her right front fender indicates that she could not possibly have struck Camelle while he was stationary unless she were skidding or sliding. She and Camelle both testified that she did not skid or slide into the collision. This contention was ably argued by her counsel to the trial jury.
Mrs. Benoit also points to alleged statements made by Camelle after the accident which indicate that he moved his car into the side of her car. She testified that Ca-melle told her he had to hurry to get across the road so that his young grandchild and other children, who were playing in the driveway, would not run across the road.
The investigating officer Clayton J. Babineaux was not allowed to testify before the jury because he had violated the sequestration of witnesses rule. The trial judge properly ruled that it was plaintiff’s responsibility to keep Babineaux out of the courtroom while he was sequestered. Ba-bineaux heard the arguments and the trial judge’s comments concerning the relevance of his testimony on certain aspects of the case. There is no error in this ruling. We have nevertheless reviewed his testimony which is before us on proffer of proof. Babineaux testified that Camelle admitted fault and stated that he drove across the road prematurely to keep the children in the driveway from crossing the road.
The jury found both parties guilty of negligence which proximately caused the accident. The verdict on Camelle’s negligence is unquestioned on appeal. The issue here concerns Mrs. Benoit’s contributory negligence. We find no manifest error by the jury in finding her contributorily negligent.
Both Mrs. Benoit and Camelle corroborate her actions immediately prior to the accident. She testified that she was in her lane of travel when she was struck (Tr. 202). The officer’s sketch verifies this fact. Camelle testified at Tr. 510 that she remained in her lane until only two car lengths before reaching his vehicle. The testimony is uncontradicted that Mrs. Be-noit did not leave her lane until immediately prior to impact.
Both parties testified that no traffic was headed into Mrs. Benoit’s direction. She admitted seeing the stationary obstacle in her lane when she was more than 1000 feet away. The jury could have reasonably concluded that the accident would have been avoided by Mrs. Benoit’s approaching the obstruction in the highway in a more cautious manner; that her determination to remain in her own lane until the last possible instant, when nothing hindered safe entry into the passing lane, was negligence which proximately caused the accident. It is reasonable to conclude from all the evidence that the accident would not have occurred had Mrs. Benoit moved to the passing lane when she was 300 feet from Camelle’s vehicle.
Under Mrs. Benoit’s own uncontradicted testimony she was contr'ibutorily negligent for failure to exercise due care for her own safety. No showing of manifest error has been made, and the jury verdict is affirmed. Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3 Cir. 1971).
The trial court judgment is affirmed at appellant’s costs.
Affirmed.